## THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Sequatchie Mountain Creditors, | ) | CASE NO.:  5:11CV2781 |
| | ) | |
| | ) | |
| Appellant, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Joseph J. Detwiler, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |

Appellant Sequatchie Mountain Creditors ("SMC") appeals the bankruptcy court's denial of its motion to join additional plaintiffs and/or amend its complaint.  SMC has filed its brief, Appellee Joseph J. Detwiler has filed his response brief, and SMC has replied.  This Court REVERSES and REMANDS.

### I.  Facts

Detwiler filed a Chapter 11 bankruptcy petition on August 17, 2009.  On October 19, 2009, an adversary proceeding was initiated against Detwiler.  The caption of that complaint listed the Plaintiffs as "The Sequatchie Mountain Creditors."  The first paragraph named 18 individuals and then stated "and known for identification purposes in the underlying bankruptcy case per the Notice of Appearance (Doc. No. 14) dated August 26, 2009 as the Sequatchie Mountain Creditors[.]"  The complaint attached a class action complaint that had been filed in Tennessee state court against Detwiler.

The matter then proceeded forward with discovery.  SMC served initial disclosures identifying 82 plaintiffs.  SMC's counsel also filed an Amended Notice of Appearance in the

Chapter 11 proceeding, identifying that he represented 82 individuals.   On April 1, 2010, Detwiler served initial discovery requests on the 18 named plaintiffs.  Later, following a pretrial conference, Detwiler served discovery requests on an additional 38 individuals that he identified in his requests as plaintiffs.  However, at that time, SMC had not sought to amend its complaint.

On June 17, 2011, SMC filed a motion to join plaintiffs to formally recognize all 82 individuals as plaintiffs.  The bankruptcy court construed the motion as both a motion for leave to amend the complaint and a motion to join parties.  Detwiler opposed the motion, and the Court ultimately denied the motion.  SMC then sought and received Rule 54(b) language and timely appealed to this Court.

**II.  Legal Standard**

Under Fed.R.Civ.P. 15(a), leave to amend a pleading shall be freely given "when justice so requires." Several factors should be considered in determining whether to grant a motion to amend.

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). *See also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999). When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

The denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the amendment would not

withstand a motion to dismiss. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir.1986).  "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991) (citation and quotation marks omitted). A clear example of an abuse of discretion occurs where the district court fails to consider relevant "facts upon which the exercise of its discretionary judgment is based." *Walter*, 282 F.3d at 440 (citation omitted).

> To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The *Moore* case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that "'delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced.'" *Moore*, 790 F.2d 557, 560 (quoting 3 Moore's Federal Practice, ¶ 15.08 at 15.76). At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree. *Moore*, 790 F.2d at 560 (citing with approval *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir. 1979)). *See also Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2d Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989).

*Duggins*, 195 F.3d at 834.

Fed. R. Civ. P. 20(a)(1)(A) provides as follows:  "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Courts have wide discretion in determining whether joinder is appropriate or will result in undue delay or prejudice.  *See, e.g., Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1963). Accordingly, this ruling is also reviewed for an abuse of discretion.

### III. Analysis

Detwiler first contends that this Court cannot review the issue of amending the pleadings. Specifically, Detwiler asserts that SMC never moved to amend the pleadings and therefore the issue is forfeited. Detwiler, however, ignores that he raised the Rule 15 standard in his opposition to SMC's motion and that the trial court employed that standard in its analysis. As all the parties below had the opportunity to be heard on the issue and the bankruptcy court utilized Rule 15, this Court finds that no forfeiture of the issue occurred.[1]

In its analysis of the Rule 15 request to amend, the bankruptcy court found that the complaint named only 18 individuals, did not incorporate by reference any other documents, and that the remaining individuals were not plaintiffs as a result. The Court then denied the motion for two reasons:

> The defendant argues that leave to amend should be denied because it would result in prejudice. The court agrees. Granting the motion to join would effectively reset this litigation, which is already 21 months old. In those 21 months, defendant has invested considerable time and money under the very reasonable assumption that the plaintiffs are the people listed in the complaint. The court is not persuaded by the plaintiffs' argument that no prejudice exists because the defendant served some but not all of the new plaintiffs with discovery in anticipation of an amended complaint, which the plaintiffs never filed. The litigation would still need to be reset to accommodate the defendants who were not served.

The bankruptcy court then went on to analyze *joinder* of the plaintiffs and concluded:

> The court agrees with the defendant. As the defendant points out, the claims of the new plaintiffs may not be similar. The facts of each plaintiff's case may depend on such factors as how they learned about the land for sale, what they were promised, whether timber rights were involved and whether they financed their purchase. The plaintiffs provide no specific information that links any of the new plaintiffs' claims together in any fashion. As the movants, the plaintiffs have not met their burden of demonstrating that the claims of the new plaintiffs arise out of the same series of transactions or involve a common question of law or fact. Accordingly, Rule 20 is an independent basis for denying plaintiffs' motion.

Based upon those conclusions, the bankruptcy court denied the motion.

---

[1] Even if the Court were to solely the issue of joining parties, the Court would reverse and remand.

With respect to its first finding, prejudice to Detwiler, the bankruptcy court abused its discretion.  In describing Detwiler's alleged prejudice, the bankruptcy court relied upon the 21-month delay in seeking leave to amend.  However, as noted above, delay alone is insufficient to warrant denial of a motion for leave to amend.  *See Duggins*, 195 F.3d at 834 (citing *Moore*, 790 F.2d at 560).  The only remaining prejudice discussed by the court asserts that Detwiler "invested considerable time and money under the very reasonable assumption that the plaintiffs are the people listed in the complaint."  This statement is belied by the record.  Prior to the motion to amend/join filed by SMC, Detwiler served discovery requests on an additional 38 individuals that **he** identified as plaintiffs in the action.  Detwiler contends that he did so because he anticipated that a motion for leave to amend would be filed.  When no motion was filed, Detwiler opposed the motion to join.  However, the mere fact that Detwiler sought discovery from 56 plaintiffs and received discovery responses from 52 undermines any assertion that he reasonably assumed that only 18 plaintiffs were at issue.

Furthermore, Detwiler's "reasonable assumption" is further undermined by the fact that the adversary proceeding arose from an underlying class action in Tennessee state court.  The second amended complaint from that action was attached to the adversary proceeding complaint.  Moreover, numerous notices of appearance were filed in the primary bankruptcy proceeding identifying representation for far more than 18 plaintiffs.  Accordingly, there is simply no factual basis for the statement that Detwiler reasonably assumed he was defending an action pursued by only 18 plaintiffs.

In reaching this conclusion, the Court is mindful of the fact that the confusion regarding the identity of all plaintiffs is a direct result of poor drafting by SMC.  There can be no dispute

that the bankruptcy court properly found that the complaint did not identify all 82 plaintiffs.

Moreover, this Court is also mindful of the following:

> We take this action [, finding an abuse of discretion in denying a motion for leave
> to amend,] with some reluctance because we appreciate that a busy district judge
> must seek to move his cases along with a heavy docket facing him, and we are
> cautious in finding an abuse of discretion when the court found a lack of diligence
> on the part of counsel in asserting a viable cause of action.

*Moore*, 790 F.2d at 562.  However, the bankruptcy court's finding regarding prejudice relied

solely upon the delay in seeking to add the plaintiffs.  No discovery period had closed, nor had

dispositive motions been filed.  As such, the bankruptcy court failed to identify any prejudice to

Detwiler from the delay.

The bankruptcy court continued its analysis by addressing joinder.  Having found that

amendment should have been permitted, this Court need not address the issue of joinder.

However, to the extent that the bankruptcy court's order could be construed as finding that the

motion for leave to amend would be futile because these new plaintiffs would be dismissed, the

Court will conduct a *de novo* review of the lower court's analysis.

In reaching its conclusion, the bankruptcy court concluded that SMC had not met its

burden of demonstrating that the new Plaintiffs' claims arose from the same series of

transactions or occurrences.  In so doing, the court highlighted that the specific facts surrounding

the sale of each parcel to each plaintiff could vary dramatically.  In so doing, the bankruptcy

court did not give proper deference to precedent that states that "[t]he words 'transaction or

occurrence' are given a broad and liberal interpretation in order to avoid a multiplicity of suits."

*LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143,

147 (6th Cir. 1969).  "The purpose of Rule 20 is to promote efficiency, as joining all interested

parties in one proceeding encourages resolution of the dispute, avoids overlapping litigation, and

ensures that single judgment binds all interested parties, thereby avoiding inconsistent outcomes and multiple litigation." *Nilssen v. Universal Lightning Technologies, Inc.*, 2005 WL 1971936, at *4 (M.D.Tenn. Aug. 15, 2005). Therefore, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; and joinder of claims, parties, and remedies is strongly encouraged." *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 339 (D.D.C. 2011) (quoting U*nited Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996)).

Herein, this liberal standard was not applied. First, the bankruptcy court had before it the fact that underlying state law claims of these plaintiffs had been brought forward as a class action. There is nothing in the record to suggest that Detwiler ever challenged that issue within the state court litigation. Given the requirements to bring a class action suit, the complaint alone provided some evidence that the plaintiffs shared a common basis for bringing suit. Furthermore, "[t]o determine whether joinder of parties is proper, courts often ask whether there will be overlapping testimony and evidence to support the plaintiffs' claims. *See, e.g., Wickley v. Chattanooga Hous. Auth.*, 2009 WL 1309766, at *1 (E.D.Tenn. May 7, 2009)." *Kunin v. Costco Wholesale Corp.*, 2011 WL 6090132, at *3 (E.D.Mich. Dec. 7, 2011). Herein, there can be no dispute that there will be substantial overlapping testimony and evidence to support each Plaintiff's claim. Each and every SMC plaintiff purchased property in the same real estate development. While their specific interactions with Detwiler may differ, those minor variations are insufficient to overcome the liberal joinder standard. Accordingly, the Court finds error in the bankruptcy court's conclusion that SMC failed to meet its burden of demonstrating that the claims arose from the same series of transactions.

As detailed above, the Court is mindful of the bankruptcy court's right to move cases along on its docket.  Accordingly, upon remand, the bankruptcy court will retain its discretion to truncate further discovery in this matter going forward or apportion costs as it deems fit to properly allocate them given the 21-month delay by SMC in properly naming all of the plaintiffs in the matter.

## IV. Conclusion

Consistent with the above, the judgment of the bankruptcy court is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

September 18, 2012              */s/ John R. Adams*_____
                               JUDGE JOHN R. ADAMS
                               UNITED STATES DISTRICT COURT